SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- 
MARCUS CHAVIS,

CV-13       7055

Plaintiff,

**COMPLAINT**

Jury Trial Demanded

-against-

CITY OF NEW YORK; Police Officer John SER. J.
Heurtas; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

AZRACK, M.J.

Defendants.
---------------------------------------------------------- x

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State

claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff MARCUS CHAVIS ("plaintiff" or "Mr. Stephen") is a resident of Kings County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     At all times hereinafter mentioned, defendant "John" HUERTAS was a police officer, employee and agent of the CITY, acting within the scope of his employment and under color of state law. The first name of Defendant HUERTAS is currently unknown to plaintiff. Defendant HUERTAS is sued in his official and individual capacity.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.    At approximately 2:00 p.m. on November 28, 2012, plaintiff was lawfully within the vicinity of 246 Maple Street, Brooklyn, NY.

14.    Plaintiff and his brother had just left their home to get sandwiches.

15.    Several New York City Police Officers, including defendant Huertas, stopped plaintiff despite the fact that they had no probable cause or reasonable suspicion to believe that he had committed any crimes or offenses.

16.    The officers asked plaintiff where he was going and asked to see his identification.

17.    The officers then commenced to search him and plaintiff informed him that he had a box cutter on his person.

18.    One of the officers seized the box cutter and told plaintiff that they were going to arrest him for possession of a knife.

19.    Plaintiff informed the officers that the box cutter was not a knife and it

was legal for him to possess.

20.     Notwithstanding, the officers placed plaintiff into handcuffs and under arrest.

21.     Plaintiff was taken to a police precinct and placed into a holding cell.

22.     At the precinct, defendants, including defendant Huertas, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit crimes and/or offenses.

23.     At no point did the officers observe plaintiff commit any crimes or offenses.

24.     Plaintiff was issued a desk appearance ticket and was released from the precinct after spending approximately nine (9) hours in custody.

25.     The charges against plaintiff were subsequently adjourned in contemplation of dismissal.

26.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## Notice of Claim

27.     With respect to plaintiff's claims arising under state law, a Notice of Claim was duly and timely served on the Comptroller of the City of New York within ninety (90) days of the accrual of the cause of action alleged in this Complaint.

28.    At least thirty (30) days have elapsed since the Notice of Claim was served, and defendant CITY has neglected and/or refused to make adjustment, settlement or payment with respect to the injuries complained of.

29.    This action has been commenced within one (1) year and ninety (90) days after the happening of the events upon which the claims are based.

## FIRST CLAIM
## 42 USC § 1983

30.    Plaintiff repeats and re-allege each and every allegation as if fully set forth herein.

31.    Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

32.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Unlawful Stop and Search

33.    Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

34.    Defendants violated the Fourth and Fourteenth Amendments because they unlawfully stopped and searched plaintiffs home.

35.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

33.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### False Arrest State Law Claims

36.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

37.    On November 28, 2012, plaintiff MARCUS CHAVIS was taken into custody against his will by the DOE defendants, acting within the scope of their employment and under color of state law.

38.    On November 28, 2012, there existed no probable cause that plaintiff MARCUS CHAVIS had committed any crime or offense.

39.    On November 28, 2012, plaintiff MARCUS CHAVIS was aware of his arrest and at no time consented to his arrest.

40.   The conduct of DOE defendants was wanton, willful and reckless and in total disregard for the federal and state law as to warrant the imposition of punitive damages.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

41.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.   The individual defendants created false evidence against Plaintiff.

43.   The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44.   In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

45.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Abuse Of Process

46.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.    The individual defendants issued legal process to place plaintiff under arrest.

48.    The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

49.    The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

50.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

51.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

54.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring, Training, Promotion and Retention

55.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

56.     The actions of DOE defendants were the result of a policy and custom of defendants CITY and NYPD of failing to hire, train, promote and retrain police officers properly.

57.     Defendants CITY and NYPD, as a matter of policy and practice, has with deliberate indifference, failed to sanction or discipline police officers who use conduct illegal searches, execute arrests without probable cause, or misrepresent facts to the District Attorney.

58.     Defendants CITY and NYPD were negligent in the hiring, training, supervision, discipline and control of the DOE defendants, whose conduct is complained of herein.

59.     Defendants CITY and NYPD were careless in failing to have in place, policies, procedures, rules and regulations to prevent the type of inappropriate conduct complained of herein and in failing to terminate it swiftly, and in having policies which encouraged said conduct, and/or in failing to adhere to existing policies, procedures, rules and regulations.

60.     Defendants CITY and NYPD were negligent in employing and retaining dangerous, incompetent and dishonest police officers, whom they knew or should

have known were dangerous and a menace to the community, residents and in particular the plaintiff.

61.     Said policies, practices and customs of City, complained of, as well as the omissions aforesaid, deprived the plaintiff of his rights and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:     December 10, 2013
           New York, New York

Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*